The Honorable Lloyd George State Representative State Capitol Little Rock, AR 72201
Dear Representative George:
This is in response to your request for an opinion regarding the Ola Public School District's teacher salary schedule. The information attached to your request indicates that the District, in an effort to reduce the amount of net current revenue being spent on certified salaries, developed a schedule that reflects different salary levels for teachers with the same level of training and experience, depending upon the year of hire. In effect, those hired in 1987-88 and thereafter are paid on a lower revised schedule. The higher old schedule was continued for teachers who were employed when the old schedule of 1986-87 was the only schedule in effect.
The following question is posed with regard to the above set of facts:
 Must the district retroactively pay any teacher hired 1987-88 or since the difference between what they have been paid and what they would have been paid on the old schedule if it had not been revised?
Arkansas Code of 1987 Annotated § 6-20-319 (Supp. 1989) sets forth various prerequisites for a district's entitlement to state aid. Subsection (4)(B) states:
 The district shall file with the State Board of Education annually a salary schedule for its certified employees which recognizes a minimum level of training and experience. This schedule shall reflect the actual pay practices of the district, including all fringe benefits. [Emphasis added.]
It is my opinion that a district must, in accordance with the above requirement, file a single salary schedule instead of this dual salary arrangement. Section 6-20-319(4)(B) is clear in requiring "a salary schedule . . . which recognizes a minimum level of training and experience." This language does not lend itself to an interpretation that would support the filing oftwo salary schedules. This conclusion is further compelled by the language of A.C.A. § 6-17-201 which states: "Each school district in the state shall have a set of written personnel policies, including the teacher salary schedule." (Emphasis added.)
The material attached to your request indicates that the District in this instance has essentially established two schedules, one for those hired before 1987-88, and another for those hired subsequent to that school year. There appears to be no authority for setting up two schedules in this manner. Rather, there should be one schedule which, through the salary provisions, recognizes a minimum level of training and experience for all certified employees. In this instance, the old schedule would most likely be deemed to be the effective schedule. It must be recognized that, as a practical matter, the lower revised schedule cannot be applied to those hired before 1987-88 because that would violate their current contracts. This office has previously opined that the the salary schedule is arguably a part of each teacher's contract by virtue of the fact that the schedule is part of the district's personnel policies which are, in turn, incorporated as terms of each contract. Att'y Gen. Op. No. 90-128; A.C.A. §§6-17-201 (Supp. 1989) and 6-17-204. The personnel policies are binding unless changed by mutual consent. A.C.A. § 6-17-204. Thus, unless those hired before 1987-88 consent to the lower salaries, the higher old schedule must be followed.
This set of circumstances might lead a court to conclude that the old schedule applies to all certified employees of the Ola School District. The District cannot force those currently paid under the old schedule to accept the lower salaries under the revised schedule. An argument could, however, be made that the District lacked authority to adopt the revised schedule when the old schedule remained in effect. A ruling that all teachers must be paid under the old schedule could therefore be premised upon the invalidity of the revised schedule.
While this question ultimately remains with the courts, a challenge would, in my opinion, likely result in the District's retroactive payment of salaries in accordance with the old schedule.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb